# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

LOGAN N. MILLS (#532042)     CIVIL ACTION

VERSUS

VINCENT KNIGHT, ET AL.     17-161-SDD-EWD

## ORDER

Before the Court is Plaintiff's *Motion for Temporary Restraining Order and Preliminary Injunction*.[1]

*Pro se* Plaintiff, an inmate previously confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Major Vincent Knight, Capt. Gary Sibley, Lt. Elliot Beauchamp, Lt. Cedric Ferguson, Lt. Col. Paul Smith, Legal Programs Director Trish Foster, Warden Darrel Vannoy, and Secretary James LeBlanc, complaining that his constitutional rights were violated in December of 2015 when he was retaliated against for his use of the prison administrative remedy procedure. According to Plaintiff, this retaliation took the form of false and retaliatory disciplinary charges, of placement in a cell with a known sexual predator, of a subsequent transfer to an LSP out-camp, and of repeated interference with his attempts to utilize the administrative remedy process. In the instant request for preliminary injunctive relief, Plaintiff asserted that the retaliatory conduct of Defendants has continued and escalated, that he was charged and punished in connection with new false disciplinary violations, that he was terminated from his prior job as an inmate counsel,

---
[1] Rec. Doc. 4.

that he was transferred to a more dangerous job at Camp J at LSP, and that he was restricted in access to his legal files and to the prison's law library. He prayed for an Order directing prison officials to "cease retaliating against Plaintiff," "to administer polygraph examinations," and "to reinstate Plaintiff as an inmate counsel with the same pay rate … he enjoyed before."

In order to obtain injunctive relief, Plaintiff must demonstrate: "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest."[2] "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements."[3]

On the record now before the Court, Plaintiff is not entitled to the relief requested. He has recently notified the Court that he has been transferred from LSP to the Rayburn Correctional Center in Angie, Louisiana, and is no longer subject to the care and control of Defendants. As a result, he acknowledges that the instant Motion for injunctive relief has been rendered moot. The United States Court of Appeals for the Fifth Circuit has clearly and repeatedly held that a transfer from one facility to another generally renders moot any claims for injunctive relief with respect to an inmate's prior facility.[4] Accordingly, inasmuch as Plaintiff is no longer confined at LSP and is no longer subjected

---

[2] *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003).
[3] *Id.* at 196.
[4] See *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). See also *Kidd v. Livingston*, 463 Fed. Appx. 311, 314 (5th Cir. 2012); *Stern v. Hinds County, Mississippi*, 436 Fed. Appx. 381, 382 (5th Cir. 2001); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995); *Davis v. Wall*, 50 F.3d 1033, *2 n. 3 (5th Cir. 1995).

to any alleged wrongdoing at the hands of personnel employed at that facility, he has not made out a showing of entitlement to injunctive relief. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Temporary Restraining Order and Preliminary Injunction*[5] is hereby DENIED.

Baton Rouge, Louisiana the 19 day of October, 2017.

_____
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

5    R. Doc. 4.